**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| GEOFRIEND, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRIENDFINDER NETWORKS, INC., )<br>FRIENDFINDER CALIFORNIA, INC., )<br>VARIOUS, INC., and )<br>GLOBAL ALPHABET, INC., )<br>)<br>Defendants. )<br>_____) | Case No: _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, GeoFriend, LLC ("GeoFriend" or "Plaintiff"), sues FriendFinder Networks, Inc. ("FFN"), FriendFinder California, Inc. ("FFCA"), Various, Inc. ("Various"), and Global Alphabet, Inc. ("Global Alphabet") (FFN, FFCA, Various, and Global Alphabet are referred to collectively as "Defendants"), for patent infringement, and alleges:

**NATURE OF THE ACTION**

1. Plaintiff solely owns United States Patent No. 8,108,414 B2 (the "Patent") by assignment. *See* Composite Exhibit "A." The Patent covers dynamic, location-based social networking systems, methods, and products. David Stackpole invented what is claimed in the Patent and solely owns GeoFriend. In violation of 35 U.S.C. § 271, Defendants infringed and are infringing the exclusive rights granted to Plaintiff by the Patent.

2. David Stackpole invented what is claimed in the Patent. David Stackpole solely owns GeoFriend. The subject of the patented invention was Mr. Stackpole's vision and passion for several years. He attempted to commercialize the patented invention, including creating

1

working applications thereof. He also worked with entrepreneurs to pitch his invention to investors, unfortunately without success. Mr. Stackpole was ahead of his time. It would take years for social media to become popular.

3.      Through this Complaint, Filtalert alleges direct patent infringement against FFN (Count I), FFCA (Count III), Various (Count VI), and Global Alphabet (Count VII), inducement of patent infringement against FFN (Count II) and FFCA (Count IV) and contributory patent infringement against FFCA (Count V).

## PARTIES

4.      Plaintiff, GeoFriend, LLC, is a limited liability company organized and existing under the laws of the state of Texas, and maintains its principal place of business at 555 Republic Drive, Suite 200, Plano, Texas 75074.

5.      Defendant, FFN, is a corporation organized and existing under the laws of the state of Delaware, and maintains its principal place of business at 910 E. Hamilton Avenue, 6th Floor, Campbell, California 95008.

6.      Defendant, FFCA, is a corporation organized and existing under the laws of the state of California, and maintains its principal place of business at 910 E. Hamilton Avenue, 6th Floor, Campbell, California 95008.

7.      Defendant, Various, Inc., is a corporation organized and existing under the laws of the state of California, registered to do business in the state of Florida, and maintains its principal place of business at 910 E. Hamilton Avenue, 6th Floor, Campbell, California 95008.

8.      Defendant, Global Alphabet, Inc., is a corporation organized and existing under the laws of the state of California, and maintains its principal place of business at 910 E. Hamilton Avenue, 6th Floor, Campbell, California 95008.

## JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has original jurisdiction over the subject matter of this action because this is an action arising under the Patent Laws of the United States, including 35 U.S.C. § 1 *et. seq.*

10. This Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the state of Texas. Each Defendant offers for sale, sells, and advertises its products and services in the United States, the state of Texas, and the Eastern District of Texas. Each Defendant has committed the tort of patent infringement within the state of Texas, and more particularly, within the Eastern District of Texas. Each Defendant is engaging in substantial and not isolated activity within the state of Texas.

11. Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this District.

## GENERAL ALLEGATIONS

12. The invention claimed by the Patent covers systems, methods, and products for establishing a location-based social network.

13. The abstract of the 8,108,414 B2 Patent states:

> A method and system for establishing a location based social networking is provided. A client application is provided on a communications device of a user seeking to establish the location based social network. The user creates a personal profile and a preference profile using the client application. The preference profile refers to characteristics the user seeks in potential members of the location based social network. The user transfers the personal and preference profiles to the social networking server which registers a location and range selected by the user. The social networking server identifies potential members within the registered location and range by matching the personal profile of each of the potential members with the preference and personal profiles of the user. The social networking server provides communications link between the user and the identified potential members upon mutual confirmation between the user and the identified potential members.

14. The inventions claimed by the Patent represent a significant advance over the prior art as evidenced by Defendants' commercial successes.

15. The components needed to practice the claimed systems, methods, and products are not now nor have they ever been found in generic computers. Generic computers do not contain, for example, geocoding modules and global positioning systems.

16. By reviewing publically available information including, but not limited to, the articles or relevant portions thereof attached hereto as Composite Exhibit "B," GeoFriend learned that FFCA, Various, and Global Alphabet are wholly owned subsidiaries of FFN.

17. By reviewing publically available information including, but not limited to, the articles or relevant portions thereof attached hereto as Composite Exhibit "B," GeoFriend learned that FFN operates its subsidiaries including, but not limited to, FFCA, Various, and Global Alphabet, and their various products and services, and thus controls or directs the infringing conduct of FFCA, Various, and Global Alphabet.

18. By reviewing publically available information including, but not limited to, the articles or relevant portions thereof attached hereto as Composite Exhibits "B," "C," "D," and "E," GeoFriend learned that FFN is infringing at least claims 1, 31, and 34 of the Patent through the use, sale, offer to sell, or importation of certain location-based social networking systems, services, and products, including, but not limited to, Friendfinder.com, GayFriendFinder.com, AsiaFriendFinder.com, AsiaFind.com, ChineseFriendFinder.com, SeniorFriendFinder.com, Amigos.com, FrenchFriendFinder.com, GermanFriendFinder.com, KoreanFriendFinder.com, FilipinoFriendFinder.com, IndianFriendFinder.com, ItalianFriendFinder.com, JewishFriendFinder.com, MillionaireMate.com, BigChurch.com, Adultfriendfinder.com, Alt.com, and the All Friendfinder and Amigos.com iPhone application products.

19. By reviewing publically available information including, but not limited to, the articles or relevant portions thereof attached hereto as Composite Exhibit "C," GeoFriend learned that FFCA is infringing at least claims 1, 31, and 34 of the Patent through the use, sale, offer to sell, or importation of certain location-based social networking systems, services, and products, including, but not limited to, Friendfinder.com, GayFriendFinder.com, AsiaFriendFinder.com, AsiaFind.com, ChineseFriendFinder.com, SeniorFriendFinder.com, Amigos.com, FrenchFriendFinder.com, GermanFriendFinder.com, KoreanFriendFinder.com, FilipinoFriendFinder.com, IndianFriendFinder.com, ItalianFriendFinder.com, JewishFriendFinder.com, MillionaireMate.com, and the All Friendfinder and Amigos.com iPhone application products.

20. By reviewing publically available information including, but not limited to, the articles or relevant portions thereof attached hereto as Composite Exhibit "D," GeoFriend learned that Various is infringing at least claims 1, 31, and 34 of the Patent through the use, sale, offer to sell, or importation of certain location-based social networking systems, services, and products, including, but not limited to, Adultfriendfinder.com, Alt.com, and the All Friendfinder iPhone application product.

21. By reviewing publically available information including, but not limited to, the articles or relevant portions thereof attached hereto as Composite Exhibit "E," GeoFriend learned that Global Alphabet is infringing at least claims 1, 31, and 34 of the Patent through the use, sale, offer to sell, or importation of certain location-based social networking systems, services, and products, including, but not limited to, BigChurch.com, and the All Friendfinder iPhone application product.

22. By reviewing publically available information including, but not limited to, the articles or relevant portions thereof attached hereto as Composite Exhibits "B," "C," "D," and "E," GeoFriend learned that FFN is knowingly inducing others, including its subsidiaries, to infringe at least claims 1, 31, and 34 of the Patent through the use, sale, offer to sell, or importation of certain location-based social networking systems, services, and products, including, but not limited to, Friendfinder.com, GayFriendFinder.com, AsiaFriendFinder.com, AsiaFind.com, ChineseFriendFinder.com, SeniorFriendFinder.com, Amigos.com, FrenchFriendFinder.com, GermanFriendFinder.com, KoreanFriendFinder.com, FilipinoFriendFinder.com, IndianFriendFinder.com, ItalianFriendFinder.com, JewishFriendFinder.com, MillionaireMate.com, BigChurch.com, Adultfriendfinder.com, Alt.com, and the All Friendfinder and Amigos.com iPhone application products.

23. By reviewing publically available information including, but not limited to, the articles or relevant portions thereof attached hereto as Composite Exhibits "B," "C," "D," and "E," GeoFriend learned that FFCA is knowingly inducing others, including its affiliates, to infringe at least claims 1 and 34 of the Patent through the use, sale, offer to sell, or importation of certain location-based social networking systems, services, and products, including, but not limited to, the All Friendfinder and Amigos.com iPhone Applications.

24. By reviewing publically available information including, but not limited to, the articles or relevant portions thereof attached hereto as Composite Exhibit "B," "C," "D," and "E," GeoFriend learned that FFCA is knowingly contributing to the infringement of at least claims 1, 31, and 34 of the Patent, by supplying components, including, but not limited to, the All Friendfinder and Amigos.com iPhone application products, to its affiliates that incorporate said components in certain location-based social networking systems, services, and products,

including, but not limited to, Friendfinder.com, GayFriendFinder.com, AsiaFriendFinder.com, AsiaFind.com, ChineseFriendFinder.com, SeniorFriendFinder.com, Amigos.com, FrenchFriendFinder.com, GermanFriendFinder.com, KoreanFriendFinder.com, FilipinoFriendFinder.com, IndianFriendFinder.com, ItalianFriendFinder.com, JewishFriendFinder.com, MillionaireMate.com, BigChurch.com, Adultfriendfinder.com, and Alt.com.

25. This Complaint provides each of the Defendants with actual knowledge of the Patent. On this basis, GeoFriend alleges any infringement committed by Defendant hereafter is willful.

26. Prior to filing this suit, GeoFriend prepared claim charts explaining how each limitation of the aforementioned claims of the Patent is infringed by each of the Defendants

27. All conditions precedent to bringing this action have occurred or have been waived.

28. GeoFriend has retained counsel to represent it in this matter and is obligated to pay its counsel a reasonable fee for its services.

29. Pursuant to 35 U.S.C. § 285, GeoFriend is entitled to recover its attorneys' fees because this is an exceptional case.

### COUNT I: DIRECT INFRINGEMENT OF THE '414 PATENT BY FFN

30. The allegations contained in paragraphs 1-29 above are hereby re-alleged as if fully set forth herein.

31. In violation of 35 U.S.C. § 271, FFN made, used, offered for sale, sold or imported into the United States its location-based social networking systems, services, and

products, that contain, comprise, or perform every limitation of one or more claims of the Patent. FFN's infringement of the Patent is continuing.

32. GeoFriend has been damaged by FFN's infringement of the Patent and will continue to be damaged by such infringement. GeoFriend is entitled to recover from FFN the damages sustained by GeoFriend as a result of FFN's wrongful acts.

33. The continued infringement of the Patent by FFN is deliberate and willful, entitling GeoFriend to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

**WHEREFORE**, GeoFriend respectfully requests the Court enter a judgment:

A. Finding that FFN infringed the Patent;

B. Finding that FFN's infringement has been willful;

C. Awarding GeoFriend the greater of (a) damages adequate to compensate for the patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

D. Awarding GeoFriend pre-judgment interest and costs;

E. Finding this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and awarding GeoFriend its reasonable attorneys' fees, costs, and expenses; and

F. Awarding GeoFriend all such other and further relief as the Court deems just and proper.

### COUNT II: INDUCEMENT OF INFRINGEMENT BY FFN

34. The allegations contained in paragraphs 1-29 above are hereby re-alleged as if fully set forth herein.

35. In violation of 35 U.S.C. § 271, FFN is inducing and continues to induce others to infringe one or more of the claims of the Patent by inducing and continuing to induce others to make, use, offer for sale, sell, or import into the United States certain location-based social networking systems, methods, and products, under FFN's control.

36. GeoFriend has been damaged by FFN's inducement of infringement of the Patent. GeoFriend is entitled to recover from FFN the damages sustained by GeoFriend as a result of FFN's wrongful acts.

37. The inducement of infringement of the Patent by FFN is deliberate and willful, entitling GeoFriend to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

**WHEREFORE**, GeoFriend respectfully requests the Court enter a judgment:

A. Finding that FFN is inducing and continues to induce infringement of the Patent;

B. Finding that FFN's inducement of infringement is willful;

C. Awarding GeoFriend the greater of (a) damages adequate to compensate for the inducement of patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

D. Awarding GeoFriend pre-judgment interest and costs;

E. Finding this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and awarding GeoFriend its reasonable attorneys' fees, costs, and expenses; and

F. Awarding GeoFriend all such other and further relief as the Court deems just and proper.

## COUNT III: DIRECT INFRINGEMENT OF THE '414 PATENT BY FFCA

38. The allegations contained in paragraphs 1-29 above are hereby re-alleged as if fully set forth herein.

39. In violation of 35 U.S.C. § 271, FFCA made, used, offered for sale, sold or imported into the United States its location-based social networking systems, services, and products, that contain, comprise, or perform every limitation of one or more claims of the Patent. FFCA's infringement of the Patent is continuing.

40. GeoFriend has been damaged by FFCA's infringement of the Patent and will continue to be damaged by such infringement. GeoFriend is entitled to recover from FFCA the damages sustained by GeoFriend as a result of FFCA's wrongful acts.

41. The continued infringement of the Patent by FFCA is deliberate and willful, entitling GeoFriend to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

**WHEREFORE**, GeoFriend respectfully requests the Court enter a judgment:

A. Finding that FFCA infringed the Patent;

B. Finding that FFCA's infringement has been willful;

C. Enjoining FFCA from continuing to infringe the Patent;

D. Awarding GeoFriend the greater of (a) damages adequate to compensate for the patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

E. Awarding GeoFriend pre-judgment interest and costs;

F. Finding this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and awarding GeoFriend its reasonable attorneys' fees, costs, and expenses; and

G. Awarding GeoFriend all such other and further relief as the Court deems just and proper.

## COUNT IV: INDUCEMENT OF INFRINGEMENT BY FFCA

42. The allegations contained in paragraphs 1-29 above are hereby re-alleged as if fully set forth herein.

43. In violation of 35 U.S.C. § 271, FFCA is inducing and continues to induce others to infringe one or more of the claims of the Patent by inducing and continuing to induce others to make, use, offer for sale, sell, or import into the United States certain location-based social networking products, under FFCA's control.

44. GeoFriend has been damaged by FFCA's inducement of infringement of the Patent. GeoFriend is entitled to recover from FFCA the damages sustained by GeoFriend as a result of FFCA's wrongful acts.

45. The inducement of infringement of the Patent by FFCA is deliberate and willful, entitling GeoFriend to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

**WHEREFORE**, GeoFriend respectfully requests the Court enter a judgment:

A. Finding that FFCA is inducing and continues to induce infringement of the Patent;

B. Finding that FFCA's inducement of infringement is willful;

C. Awarding GeoFriend the greater of (a) damages adequate to compensate for the inducement of patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

D. Awarding GeoFriend pre-judgment interest and costs;

E. Finding this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and awarding GeoFriend its reasonable attorneys' fees, costs, and expenses; and

F. Awarding GeoFriend all such other and further relief as the Court deems just and proper.

## COUNT V: CONTRIBUTORY INFRINGEMENT BY FFCA

46. The allegations contained in paragraphs 1-29 above are hereby re-alleged as if fully set forth herein.

47. In violation of 35 U.S.C. § 271, FFCA is contributing and continues to contribute to the infringement of one or more of the claims of the Patent by supplying and continuing to supply its location-based social networking products, including, but not limited to, the All FriendFinder and Amigos.com iPhone application products, for use in practicing a patented system, method, or product, constituting a material part of the invention covered by the Patent, knowing the same to be especially made or especially adapted for use in infringing the Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, under FFCA's control.

48. GeoFriend has been damaged by FFCA's contributory infringement of the Patent. GeoFriend is entitled to recover from FFCA the damages sustained by GeoFriend as a result of FFCA's wrongful acts.

49. The contributory infringement of the Patent by FFCA is deliberate and willful, entitling GeoFriend to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

**WHEREFORE**, GeoFriend respectfully requests the Court enter a judgment:

A. Finding that FFCA is contributing and continues to contribute to the infringement of the Patent;

B. Finding that FFCA's contributory infringement was willful;

C. Awarding GeoFriend the greater of (a) damages adequate to compensate for the contributory patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

D. Awarding GeoFriend pre-judgment interest and costs;

E. Finding this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and awarding GeoFriend its reasonable attorneys' fees, costs, and expenses; and

F. Awarding GeoFriend all such other and further relief as the Court deems just and proper.

**COUNT VI: DIRECT INFRINGEMENT OF THE '414 PATENT BY VARIOUS**

50. The allegations contained in paragraphs 1-29 above are hereby re-alleged as if fully set forth herein.

51. In violation of 35 U.S.C. § 271, Various made, used, offered for sale, sold or imported into the United States its location-based social networking systems, services, and products, that contain, comprise, or perform every limitation of one or more claims of the Patent. Various's infringement of the Patent is continuing.

52. GeoFriend has been damaged by Various's infringement of the Patent and will continue to be damaged by such infringement. GeoFriend is entitled to recover from Various the damages sustained by GeoFriend as a result of Various's wrongful acts.

53. The continued infringement of the Patent by Various is deliberate and willful, entitling GeoFriend to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

54. GeoFriend has suffered and continues to suffer irreparable harm by such infringement, for which there is no adequate remedy at law, and will continue to do so unless Various is enjoined therefrom by this Court.

**WHEREFORE**, GeoFriend respectfully requests the Court enter a judgment:

A. Finding that Various infringed the Patent;

B. Finding that Various's infringement has been willful;

C. Enjoining Various from continuing to infringe the Patent;

D. Awarding GeoFriend the greater of (a) damages adequate to compensate for the patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

E. Awarding GeoFriend pre-judgment interest and costs;

F. Finding this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and awarding GeoFriend its reasonable attorneys' fees, costs, and expenses; and

G. Awarding GeoFriend all such other and further relief as the Court deems just and proper.

## COUNT VII: DIRECT INFRINGEMENT OF THE '414 PATENT BY GLOBAL ALPHANET

55. The allegations contained in paragraphs 1-29 above are hereby re-alleged as if fully set forth herein.

56. In violation of 35 U.S.C. § 271, Global Alphabet made, used, offered for sale, sold or imported into the United States its location-based social networking systems, services, and products, that contain, comprise, or perform every limitation of one or more claims of the Patent. Global Alphabet's infringement of the Patent is continuing.

57. GeoFriend has been damaged by Global Alphabet's infringement of the Patent and will continue to be damaged by such infringement. GeoFriend is entitled to recover from Global Alphabet the damages sustained by GeoFriend as a result of Global Alphabet's wrongful acts.

58. The continued infringement of the Patent by Various is deliberate and willful, entitling Global Alphabet to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

59. GeoFriend has suffered and continues to suffer irreparable harm by such infringement, for which there is no adequate remedy at law, and will continue to do so unless Global Alphabet is enjoined therefrom by this Court.

**WHEREFORE**, GeoFriend respectfully requests the Court enter a judgment:

A. Finding that Global Alphabet infringed the Patent;

B. Finding that Global Alphabet's infringement has been willful;

C. Enjoining Global Alphabet from continuing to infringe the Patent;

D. Awarding GeoFriend the greater of (a) damages adequate to compensate for the patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

E. Awarding GeoFriend pre-judgment interest and costs;

F.      Finding this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and awarding GeoFriend its reasonable attorneys' fees, costs, and expenses; and

G.      Awarding GeoFriend all such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 20, 2016

Respectfully submitted,

*/s/ Angela M. Lipscomb*
Angela M. Lipscomb, Esq. (Fla. Bar: 31111)
Email: alipscomb@lebfirm.com
Alberto Interian III, Esq. (Fla. Bar: 69123)
Email: ainterian@lebfirm.com
M. Keith Lipscomb, Esq. (Fla. Bar: 429554)
Email: klipscomb@lebfirm.com

**Lipscomb, Eisenberg & Baker, PL**
2 South Biscayne Boulevard
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*