**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

GEOFRIEND, LLC,

Plaintiff,

v.

FRIENDFINDER NETWORKS, INC.,
FRIENDFINDER CALIFORNIA, INC.,
VARIOUS, INC., and GLOBAL ALPHABET,
INC.,

Defendants.

**Case No.: 4:16-CV-00535 ALM**

**DEFENDANTS' MOTION TO TRANSFER VENUE,
OR ALTERNATIVELY, TO STAY PENDING REISSUE PROCEEDINGS**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND FOR MOTION TO TRANSFER ............................................... 1

III.   APPLICABLE LAW FOR MOTION TO TRANSFER ......................................... 3

IV.  ARGUMENT FOR MOTION TO TRANSFER ..................................................... 4

    A.   GeoFriend Could Have Sued Defendants in the NDCA ................................. 4

    B.   The Private Interest Factors Favor Transfer to the NDCA ............................ 4

        1.   The access to sources of proof factor favors transfer ............................. 4

        2.   The availability of compulsory process factor favors transfer ................. 6

        3.   The cost of attendance for willing witnesses factor favors transfer ......... 6

        4.   There are no practical problems weighing against transfer ...................... 7

    C.   Public Interest Factors Also Weigh in Favor of Transfer ............................. 8

        1.   The NDCA has a greater interest in this dispute than the EDTX .............. 8

        2.   Additional Public Interest Factors ......................................................... 8

V.    INTRODUCTION FOR MOTION TO STAY PENDING
       REISSUE PROCEEDINGS .................................................................................. 9

VI.  BACKGROUND FOR MOTION TO STAY ...................................................... 10

VII. APPLICABLE LAW FOR MOTION TO STAY ................................................. 11

VIII. ARGUMENT FOR MOTION TO STAY .......................................................... 12

    A.   The Requested Stay Will Not Unduly Prejudice or Present A Clear Tactical
        Disadvantage To GeoFriend ...................................................................... 12

    B.   A Stay Will Simplify The Issues And Conserve Court and Party Resources ............... 14

    C.   The Case Is In The Nascent Stage ............................................................. 15

IX.  CONCLUSION .................................................................................................. 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alza Corp. v. Wyeth & Wyeth Pharms., Inc.*,
  No. 06-156, 2006 U.S. Dist. LEXIS 94962 (E.D. Tex. Nov. 21, 2006) ................................13

*ASCII Corp. v. STD Entertainment USA, Inc.*,
  844 F. Supp. 1378 (N.D. Cal. 1994) ......................................................................................11

*Clintec Nutrition Co. v. Abbott Lab.*,
  No. 94-3152, 1995 U.S. Dist. LEXIS 4946 (N.D. Ill. Apr. 13, 1995) ..............................13, 15

*Cook, Inc. v. Endologix, Inc.*,
  No. 09-1248, 2010 U.S. Dist. LEXIS 4906 (S.D. Ind. Jan. 21, 2010) ..............................11, 14

*Corel Software, LLC v. Microsoft Corp.*,
  No. 15-528, 2016 U.S. Dist. LEXIS 112513 (D. Utah Aug. 23, 2016) ...................................11

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ...............................................................................4, 6, 7, 8

*GeoTag, Inc. v. Aromatique, Inc.*,
  No. 10-570, 2013 U.S. Dist. LEXIS 173481 (E.D. Tex. Jan. 14, 2013) ...................................8

*Hewlett-Packard Co. v. Acuson Corp.*,
  No. 93-0808, 1993 U.S. Dist. LEXIS 6449 (N.D. Cal. May 5, 1993) .....................................11

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) .........................................................................................5, 8

*Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*,
  321 F.2d 53 (5th Cir. 1963) ....................................................................................................3

*Innovative Commc'ns. Techs., Inc. v. Vivox, Inc.*,
  No. 12-7, 2012 U.S. Dist. LEXIS 143413 (E.D. Va. Oct. 2, 2012) ..........................................5

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ..............................................................................................................10

*LoganTree LP v. Fitbit, Inc.*,
  No. 15-1575, 2016 U.S. Dist. LEXIS 86723 (E.D. Tex. Apr. 7, 2016) ..................................7, 8

*Medichem, S.A. v. Rolabo, S.L.*,
  353 F.3d 928 (Fed. Cir. 2003) ...............................................................................................11

*Microlinc, LLC v. Intel Corp.*,
No. 07-488, 2010 U.S. Dist. LEXIS 99255 (E.D. Tex. Sep. 20, 2010) ................................12

*Microlinc, LLC v. Intel Corp.*,
No. 07-488, Dkt. No. 154, slip op. (E.D. Tex. Sep. 8, 2008) ....................................13

*In re Nintendo Co., Ltd.*,
589 F.3d 1194 (Fed. Cir. 2009) ...................................................................3, 4

*Patent Asset Licensing LLC v. Bright House Networks LLC*,
No. 15-747, 2016 U.S. Dist. LEXIS 111393 (M.D. Fla. Aug. 22, 2016) ..............................12

*Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*,
No. 12-1461, 2014 U.S. Dist. LEXIS 61555 (D. Del. Jan. 15, 2014) ....................................12

*Ryujin Fujinomaki v. Google Inc.*,
No. 15-1381, 2016 U.S. Dist. LEXIS 63783 (E.D. Tex. May 13, 2016) ................................9

*Serv. Solutions U.S., L.L.C. v. Autel US Inc.*,
No. 13-10534, 2015 U.S. Dist. LEXIS 9582 (E.D. Mich. Jan. 28, 2015) ..............................11

*Soverain Software LLC v. Amazon, Inc.*,
356 F.Supp.2d 660 (E.D. Tex. 2005) ...........................................................11, 12

*Sighting Sys. Instruments, LLC v. Prestige Law Enf't, Inc.*,
No. 05-1560, 2006 U.S. Dist. LEXIS 64698 (N.D. Tex. Sep. 11, 2006) ................................12

*In re TOA Techs., Inc.*,
543 F. App'x. 1006 (Fed. Cir. 2013) ...............................................................6

*In re Toyota Motor Corp.*,
747 F.3d 1338 (Fed. Cir. 2014) ....................................................................6

*In re TS Tech USA Corp.*,
551 F.3d 1315 (Fed. Cir. 2008) ..............................................................3, 4, 8

*Van Dusen v. Barrack*,
376 U.S. 612 (1964) ...............................................................................5

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) ...................................................................3, 8

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) .................................................................3, 4, 6

**Statutes**

28 U.S.C. § 1391(c) .................................................................................4

28 U.S.C. § 1400(b) ................................................................................................................4

28 U.S.C. § 1404(a) ........................................................................................................1, 3, 5

35 U.S.C. § 101 .....................................................................................................................1

**Other Authorities**

MPEP § 1442.03 .................................................................................................................13

MPEP § 1445 ......................................................................................................................14

Federal Rule of Civil Procedure 12(b)(6) ......................................................................1, 9

## I.     <u>INTRODUCTION</u>

Defendants should not be required to litigate in this Court at this time.  First, venue is clearly more convenient in the Northern District of California, where this case could have been filed, because Defendants are residents and their employees and documents are located there.  In contrast, Defendants have no meaningful ties to Texas, let alone this District.  Nor does plaintiff, who is a recently-formed patent assertion entity with only a "virtual office," and no apparent employees, documents or other presence in this District.  ***This case should proceed, if at all, in the Northern District of California.***  FriendFinder Networks Inc. ("FFN"), FriendFinder California Inc., Various Inc. and Global Alphabet Inc. (collectively "Defendants") move pursuant to 28 U.S.C. § 1404(a) to transfer GeoFriend, LLC's ("GeoFriend") patent infringement action to the United States District Court for the Northern District of California ("NDCA").

Second, and in the alternative, Defendants move to stay this action pending the conclusion of reissue proceedings relating to the asserted U.S. Patent No. 8,108,414 ("the '414 patent").  In a separate motion, Defendants are responding to GeoFriend's complaint by moving to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the '414 patent claims ineligible subject matter under 35 U.S.C. § 101, and the complaint is facially insufficient under *Twombly/Iqbal*.

## II.     <u>BACKGROUND FOR MOTION TO TRANSFER</u>

GeoFriend's Complaint presents the Court with a trifecta of procedural and substantive infirmity: an infringement lawsuit brought in an inconvenient venue, asserting a patent that is undergoing reissue proceedings, and that comprises ineligible subject matter.

GeoFriend claims to be a Limited Liability Company organized and existing under the laws of the State of Texas, with its principal place of business at 555 Republic Drive, Suite 200, in Plano, Texas.  Dkt. No. 1 ¶ 4.  However, this Texas business address actually is a "virtual

office." Collins Decl. ¶ 10.[1]  GeoFriend appears to have no employees or business records there. *Id.* ¶¶ 10–11. GeoFriend leased the space beginning on February 24, 2016. *Id.* ¶ 11. GeoFriend is not listed on the building's directory, and there is no signage indicating GeoFriend's presence in the building. *Id.* ¶¶ 6–8. In fact, GeoFriend's "virtual office" is located within a shared "Executive Suite." *Id.* ¶ 7. The space is run by Meridian Business Centers, which offers such "virtual offices" at that location. *Id.* ¶¶ 11–13.

GeoFriend's sole owner, and the solo inventor of the '414 patent, is David Stackpole. Dkt. No. 1 ¶¶ 1–3. Mr. Stackpole resides in Charlottesville, Virginia. Collins Decl. ¶ 16. He is listed as the Manager of GeoFriend, LLC, which was registered as a Florida limited liability company as of January 15, 2016. *Id.* ¶ 15; Ex. D. Mr. Stackpole dissolved the GeoFriend, LLC Florida entity on September 21, 2016. Collins Decl. ¶ 15. He formed GeoFriend as a Texas limited liability corporation on February 23, 2016. *Id.* ¶ 14. Approximately two weeks later, Mr. Stackpole purportedly assigned the '414 patent to GeoFriend. Dkt. No. 1-1, at 25–26. GeoFriend appears to have no business activities other than attempting to monetize the '414 patent in this judicial district. Dkt. No. 1 ¶ 2. GeoFriend's relevant documents, pertaining to the '414 patent, are believed to be located in the Charlottesville, Virginia area, as is GeoFriend's patent counsel. Collins Decl. ¶¶ 16, 17.

Defendants all have their principal places of business at 910 East Hamilton Avenue in Campbell, California, located within the NDCA. Dkt. No. 1, at 2; FFN Decl. ¶¶ 3–4.[2] Defendants' accused websites in this case were designed and developed in Sunnyvale, California and are maintained, improved and currently located in Campbell, California. FFN Decl. ¶ 6.

---

[1] "Collins Decl. ¶ __" refers to the accompanying declaration of Michael J. Collins and exhibits thereto.
[2] "FFN Decl. ¶ __" refers to the accompanying declaration of Ezra Shashoua.

These websites are accessible via the Internet from servers that Defendants maintain in Santa Clara, California.  *Id.* ¶ 7.  Defendants' witnesses and relevant documents are located in Campbell, California, and at least one relevant third party witness, Nam Nguyen, is located within the NDCA as well.  *Id.* ¶¶ 8–10.

## III.  <u>APPLICABLE LAW FOR MOTION TO TRANSFER</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The first step in a transfer analysis is determining whether the transferee district would have been appropriate.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  If that threshold is met, the Court next analyzes certain public and private factors relating to the convenience of parties and witnesses and the interests of particular venues in hearing the case.  *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case efficient.  *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319.  The public factors are: 1) the local interest in having localized interests decided at home; 2) the administrative difficulties flowing from court congestion; 3) the familiarity of the forum with the governing law; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319.  No single factor of the foregoing is dispositive.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*").

The plaintiff's choice of venue is not considered among the foregoing, non-exclusive

factors.  *Volkswagen II*, 545 F.3d at 314–15.  Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue.  *Id.* at 315; *Nintendo*, 589 F.3d at 1200; *TS Tech*, 551 F.3d at 1319.  The Federal Circuit has repeatedly held that trial courts should grant transfer motions where "most witnesses and evidence [are] closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff."  *Nintendo*, 589 F.3d at 1998 (Fed. Cir. 2009) (citing *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009)); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *TS Tech,* 551 F.3d at 1315.

## IV.  ARGUMENT FOR MOTION TO TRANSFER

### A.  GeoFriend Could Have Sued Defendants in the NDCA

The threshold question is whether GeoFriend could have brought this case in the proposed transferee court, the NDCA.  *Volkswagen II*, 545 F.3d at 312.  The answer is yes. GeoFriend's patent infringement action could have been brought "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  A defendant "resides" in the judicial district in which it is subject to personal jurisdiction.  28 U.S.C. § 1391(c).  With their principal place of business in Campbell, California, (FFN Decl. ¶ 3), Defendants are subject to personal jurisdiction in the NDCA.  Thus, GeoFriend could have sued Defendants in the NDCA, and this threshold inquiry is met.  Turning next to the private and public factors, these too favor transfer.

### B.  The Private Interest Factors Favor Transfer to the NDCA

#### 1.  The access to sources of proof factor favors transfer

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor to transfer to that location."  *Genentech*, 566 F.3d at 1345 (citation and quotations

omitted).

Defendants' business records, technical documents and source code relating to the accused websites are located in or near Campbell, California – within the NDCA.  FFN Decl. ¶¶ 8–9.  Likewise, Defendants' witnesses with relevant knowledge reside in or near the NDCA.  *Id.* ¶ 10.  A former FFN employee, Nam Nguyen, had responsibilities relating to the maintenance of the accused websites from November 2005 through January 2014 and January 2015 through July 2016, and possesses information regarding them over this period.  *Id.* ¶ 10.  He resides within the NDCA. *Id. ¶* 11.

Defendants are unaware of any sources of proof located within the Eastern District of Texas ("EDTX"), let alone in Texas.  *Id. ¶* 13.   Apparently, no GeoFriend documents or witnesses are located at its Plano virtual office.  Collins Decl. ¶¶ 7, 8, 10.  Indeed, GeoFriend only recently became a Texas incorporated company and disbanded its Florida predecessors, suggesting that this Texas "presence" is a fabrication.  *Innovative Commc'ns. Techs., Inc. v. Vivox, Inc.*, No. 12-7, 2012 U.S. Dist. LEXIS 143413, at *12–13 (E.D. Va. Oct. 2, 2012) (noting where offices were "virtual" that "Plaintiff's connection to this District appears to be somewhat tenuous despite the fact that it maintains an office in Arlington – and especially since it appears that no employees work there permanently."). Section 1404(a) "should be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just."  *Van Dusen v. Barrack*, 376 U.S. 612, 625 (1964).  "A plaintiff's attempts to manipulate venue in anticipation of litigation or a motion to transfer falls squarely within these prohibited activities."  *Hoffmann-La Roche*, 587 F.3d at 1337.

GeoFriend's  research  and  development,  invention,  commercialization  efforts  and/or

patent-related documents, if any, likely are in or near Charlottesville, Virginia – not in this District.  Collins Decl. ¶¶ 16–17.  Nonetheless, "[t]he comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums."  *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014).  To the extent GeoFriend argues that documentary evidence may be exchanged electronically, both the Federal and Fifth Circuits have held that "this does not negate the significance of having trial closer to where [the accused infringer's] physical documents and employee notebooks are located."  *In re TOA Techs., Inc.,* 543 F. App'x. 1006, 1009 (Fed. Cir. 2013); *Volkswagen II*, 545 F.3d at 316.  Thus, the relative ease of access to sources of proof factor favors transfer to the NDCA.

### 2.      The availability of compulsory process factor favors transfer

"The fact that [a] transferee venue is a venue with usable subpoena power . . . weighs in favor of transfer, and not only slightly."  *Genentech*, 566 F.3d at 1345.  A relevant third-party witness, Nam Nguyen, resides within and is subject to the subpoena power of the NDCA.  FFN Decl. ¶¶ 10–11.  Mr. Nguyen is no longer employed by FFN, but possesses unique information relating to the accused websites, and spanning the period from November 2005 through January 2014 and January 2015 through July 2016.  FFN Decl. ¶¶ 10–11.  Mr. Nguyen is outside the subpoena power of the EDTX, and he has indicated that he will not voluntarily attend trial in the EDTX or the NDCA.  FFN Decl. ¶ 11.  Accordingly, the availability of compulsory process to secure the attendance of witnesses factor favors transfer to the NDCA.

### 3.      The cost of attendance for willing witnesses factor favors transfer

As the *Genentech* court stated, witness convenience "is probably the single most important factor" in determining the convenience of a forum.  *Genentech*, 566 F.3d at 1342.  Defendants have no witnesses in the EDTX.  All of Defendants' witnesses with knowledge

relevant to the claims in this case will come from their Campbell, California location.  If venue is not transferred, each of them will incur the cost, work and life disruptions and inconvenience of travelling from California to Texas.  GeoFriend appears to have no witnesses in this District; its owner and the sole inventor of the '414 patent, Mr. Stackpole, resides in Charlottesville, Virginia.  So, regardless, he must travel – either from Virginia to Sherman (via a Dallas airport: ~1,100 miles) or to the NDCA (via the San Francisco airport: ~2,370 miles).  Dengler Decl. ¶ 3, Ex. A.[3] On the other hand, Defendants' witnesses travel from California to Texas would be roughly 1,500 miles for each witness.  FFN Decl. ¶¶ 4–5, 15.  While the NDCA is a slightly farther trip for Mr. Stackpole than Sherman (Dengler Decl. ¶ 3, Ex. A), the additional time and distance for this witness to travel to the NDCA (2 hour, 37 minute flight to EDTX compared to 5 hour, 15 minute flight to NDCA) is a minimal inconvenience as compared to the burdens on Defendants' witnesses if the case remains in the EDTX (3 hour flight).  *See LoganTree LP v. Fitbit, Inc.*, No. 15-1575, 2016 U.S. Dist. LEXIS 86723, at *2 (E.D. Tex. Apr. 7, 2016) (transferring case where single inventor/witness resided outside the EDTX and more than 300 miles from the courthouse); *Genentech*, 566 F.3d at 1345 (noting "[foreign] corporation [ ] will be traveling a great distance no matter which venue the case is tried in and will be only slightly more inconvenienced by the case being tried in California than in Texas.").  The cost of attendance factor also favors transfer to the NDCA.

### 4.    <u>There are no practical problems weighing against transfer</u>

Apart from the filing of the Complaint, there have been no substantive procedural or litigation events, no dates have been set for a claim construction hearing or trial, and the Court has not yet expended significant time or resources on this case.  This factor is neutral.

---

[3] "Dengler Decl. ¶ __" refers to the accompanying declaration of Ralph A. Dengler, Esq. and exhibits thereto.

### C.    Public Interest Factors Also Weigh in Favor of Transfer

#### 1.    The NDCA has a greater interest in this dispute than the EDTX

The Court must consider local interest in the litigation, because "'[j]ury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation.'" *Volkswagen I*, 371 F.3d at 206 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)).   Defendants employ approximately 175 people in Campbell, California, and have no offices, facilities, employees, documents, servers, or systems in Texas, let alone in the EDTX.   FFN Decl. ¶¶ 13–14.   The NDCA's local interest is particularly strong because GeoFriend's patent infringement accusation necessarily "calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community."  *Hoffman-La Roche*, 587 F.3d at 1336.  This factor favors transfer.

#### 2.    Additional Public Interest Factors

The additional public interest factors are neutral, or slightly favor the NDCA.   Both courts are familiar with the laws governing the case because both routinely handle patent infringement litigation.  *TS Tech*, 551 F.3d at 1320 (agreeing with district court's conclusion that it was in no better position than the transferee court to decide the patent case).   And, there are no "problems of conflict of laws."  *GeoTag, Inc. v. Aromatique, Inc.*, No. 10-570, 2013 U.S. Dist. LEXIS 173481, at *38 (E.D. Tex. Jan. 14, 2013).   There is no significant difference in the level of congestion in the respective courts.  *See* Dengler Decl. ¶ 4, Ex. B at 2–3 (*Lex Machina* data showing comparable time to claim construction, time to summary judgment and time to trial, between the EDTX and NDCA); *Genentech*, 566 F.3d at 1347.  However, the EDTX presently has three judicial vacancies compared to no vacancies in the NDCA (Dengler Decl. ¶ 5, Ex. C), and the caseload per EDTX judge is higher than the caseload per NDCA judge (*id.* ¶ 6, Ex. D (showing 726 pending cases per judge in EDTX versus 549 pending cases per judge in NDCA)).

The EDTX has eight Article III judges and eight magistrate judges, as contrasted to twenty-two Article III judges and eleven magistrate judges in the NDCA.  Dengler Decl. ¶¶ 7, 8; Dengler Decl. Exs. E, F.  These considerations slightly favor the NDCA.

Given the foregoing analysis of the private and public factors, the NDCA clearly is more convenient than the EDTX, and transfer is warranted.  *LoganTree*, 2016 U.S. Dist. LEXIS 86723, at *2 (granting transfer where plaintiff failed to "rebut the prima facie showing by Defendant that the [NDCA] is a clearly more convenient forum."); *Ryujin Fujinomaki v. Google Inc.*, No. 15-1381, 2016 U.S. Dist. LEXIS 63783, at *6 (E.D. Tex. May 13, 2016).  If the Court grants Defendants' transfer motion, consideration of the below motion to stay pending completion of reissue proceedings, and Defendants' separately filed Rule 12(b)6) motion, should be deferred for the transferee court to decide.

*       *       *

## V.     INTRODUCTION FOR MOTION TO STAY PENDING REISSUE PROCEEDINGS

More than a year before commencing this action, Mr. Stackpole filed Application No. 14/660,226 with the Patent and Trademark Office ("USPTO"), declaring his claims erroneously issued, and seeking reissuance of the '414 patent.  Dengler Decl. Ex. G, at 4–5.  Indeed, Mr. Stackpole has surrendered the '414 patent to the USPTO, ***canceled originally issued claims 1–34 as defective***, and proposed in their place an entirely new set of claims that he has asked the USPTO to consider de novo for patentability.  Dengler Decl. Ex. H, at 5.  GeoFriend is therefore pursuing an action asserting claims that are admittedly defective and canceled.

Until those reissue proceedings conclude, GeoFriend's '414 patent claims remain undefined—there is no way for the Court or the parties to know the scope of any claims that might survive reissue.   Absent the requested stay, the Court and the parties will expend

significant time and resources *litigating cancelled claims that will never reach trial*, while waiting for the USPTO to rule on the reissue application.  All the traditional factors support the stay: (1) GeoFriend, a patent assertion entity, will not be unduly prejudiced; (2) the reissue decision likely will change the scope of the asserted claims; and (3) the case is at an early stage.

## VI.    BACKGROUND FOR MOTION TO STAY

The '414 patent issued on January 31, 2012 from an application filed November 28, 2007.  In January 28, 2014, Mr. Stackpole filed an *initial* reissue application, Application No. 14/168,892, seeking reissue of the '414 patent.  Dengler Decl. Ex. I.  That application apparently was based on "at least one error" in the '414 patent, namely an error "in the method recited in independent claim 1."  *Id.*, at 4; *see also* Dengler Decl. Ex. J.  Mr. Stackpole abandoned that reissue application on January 21, 2016, *following a final rejection by the USPTO*.  The Examiner stated that Mr. Stackpole's reissue declaration was "inconsistent with the claimed subject matter," and "defective."  Dengler Decl. Ex. K, at 5.  The Examiner also noted that the final rejection was based on "an improper recapture of broadened claim subject matter surrendered in the application for [the] patent upon which the present reissue is based," *i.e.*, the patent-in-suit.  *Id.* at 6.[4]

Mr. Stackpole filed a separate reissue application on March 17, 2015 – which is the now pending reissue application upon which the present motion is based.  Once again, Mr. Stackpole apparently filed the reissue application due to errors in Claim 1 of the '414 patent.  Mr. Stackpole stated that Claim 1 as currently drafted and as presently asserted against Defendants "is too narrow to protect the disclosed invention."  Dengler Decl. Ex. G, at 4–5.  Mr. Stackpole canceled Claims 1–34 (Dengler Decl. Ex. H, at 5), despite asserting them in this litigation (Dkt.

---

[4] The USPTO's final rejection of the prior reissue application suggests that similar issues and time to resolution may arise in the pending reissue application.

No. 1 at ¶ 18).

## VII.   <u>APPLICABLE LAW FOR MOTION TO STAY</u>

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  A "district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc*., 356 F.Supp.2d 660, 662 (E.D. Tex. 2005) (citations omitted). Especially at an early stage of a case, such as here, "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *See, e.g., ASCII Corp. v. STD Entertainment USA, Inc*., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *see also Corel Software, LLC v. Microsoft Corp*., No. 15-528, 2016 U.S. Dist. LEXIS 112513, at *5 (D. Utah Aug. 23, 2016) ("[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings."); *Serv. Solutions U.S., L.L.C. v. Autel US Inc*., No. 13-10534, 2015 U.S. Dist. LEXIS 9582, at *4 (E.D. Mich. Jan. 28, 2015); *Cook, Inc. v. Endologix, Inc*., No. 09-1248, 2010 U.S. Dist. LEXIS 4906, at *2–5 (S.D. Ind. Jan. 21, 2010) (staying case pending reexamination).

This is particularly true for pending reissue applications that bear directly on claims asserted in the litigation: "Ordinarily, courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated, or lucidly narrowed by the patent reexamination process and the expertise of its officers." *Hewlett-Packard Co. v. Acuson Corp.*, No. 93-0808, 1993 U.S. Dist. LEXIS 6449, at *4 (N.D. Cal. May 5, 1993); *see also Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 935–36  (Fed. Cir. 2003) (noting that on remand, "a stay of proceedings in the district court pending the outcome of the parallel [reissue] proceedings in the PTO remains an option within the district court's discretion.").

Courts consider the following factors to determine if a stay is appropriate pending proceedings before the USPTO: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set."  *Soverain Software*, 356 F.Supp.2d at 662; *Sighting Sys. Instruments, LLC v. Prestige Law Enf't, Inc.*, No. 05-1560, 2006 U.S. Dist. LEXIS 64698, at *4 (N.D. Tex. Sep. 11, 2006).

## VIII.   ARGUMENT FOR MOTION TO STAY

### A.   The Requested Stay Will Not Unduly Prejudice or Present A Clear Tactical Disadvantage To GeoFriend

GeoFriend is not a competitor of the Defendants.  It concedes that, although the inventor "attempted to commercialize the patented invention," such efforts were ultimately "without success."  Dkt. No. 1, at ¶ 2.  Rather, GeoFriend, a patent assertion entity that was formed eleven years after the '414 patent application was filed and seven months before this action commenced, now seeks to monetize the '414 patent through litigation.  Where plaintiffs do not compete with defendants or otherwise commercialize the patented invention, the stay will not unduly prejudice or present a clear tactical disadvantage to the plaintiff.  *See Microlinc, LLC v. Intel Corp.*, No. 07-488, 2010 U.S. Dist. LEXIS 99255, at *10 (E.D. Tex. Sep. 20, 2010) (finding the first factor supported a stay because, "since [plaintiff-patentee] does not manufacture or sell any products, or otherwise practice the patent, there is no risk of customer losses or of injury to market share during a stay"); *Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*, No. 12-1461, 2014 U.S. Dist. LEXIS 61555, at *21–22 (D. Del. Jan. 15, 2014) (finding non-practicing entity did not participate in the relevant market and would not suffer any loss of market share or goodwill due to stay); *Patent Asset Licensing LLC v. Bright House Networks LLC*, No. 15-747, 2016 U.S. Dist. LEXIS 111393, at *12 (M.D. Fla. Aug. 22, 2016) (finding no prejudice for *inter*

*partes* review stay where "[plaintiff] is a non-practicing entity and is thus not in competition with the defendants, has not sought a preliminary injunction, and seeks only monetary damages"). Accordingly, there is no undue prejudice to GeoFriend by granting a stay while the Reissue Application is pending.  In fact, the requested stay should benefit GeoFriend, insofar as the outcome of the Reissue Application will define its eventual claims (if any are allowed), while avoiding the need for shifting Local Patent Rules' contentions and discovery based on ***already canceled claims***.

Moreover, the USPTO must expedite all reissue applications where related litigations are pending, which will minimize any stay.  The Manual of Patent Examining Procedure ("MPEP") requires that reissue applications "involved in 'stayed litigation' will be taken up for action in advance of other reissue applications. Great emphasis is placed on the expedited processing of such reissue applications."  MPEP § 1442.03.  *Alza Corp. v. Wyeth & Wyeth Pharms., Inc.*, No. 06-156, 2006 U.S. Dist. LEXIS 94962, at *4 (E.D. Tex. Nov. 21, 2006) ("because the patent is involved in litigation, the reexamination proceeding will have priority over all other cases") (internal citation and quotation marks omitted).

Finally, the lack of prejudice is evident in GeoFriend's voluntary decision to pursue two reissue applications prior to filing this first lawsuit asserting the '414 patent.  *See Microlinc, LLC v. Intel Corp.*, No. 07-488, Dkt. No. 154, slip op. at 2 (E.D. Tex. Sep. 8, 2008) ("This is not the typical case where a defendant puts the asserted patent in reexamination for technical reasons. Here, the plaintiff put the patent in reexamination and *then* filed this suit.") (emphasis in original).  GeoFriend cannot proffer any reasonable harm from a stay pending the conclusion of reissue proceedings the named inventor initiated.  GeoFriend's prayer for relief did not seek preliminary injunctive relief, and thus has effectively conceded that any alleged harm by

continued alleged infringement during a stay can be adequately compensated by damages. *Clintec Nutrition Co. v. Abbott Lab.*, No. 94-3152, 1995 U.S. Dist. LEXIS 4946, at *9 (N.D. Ill. Apr. 13, 1995) (granting stay where, *inter alia*, "[patentee] has a remedy at law (damages) which will not be prejudiced by a stay").  Accordingly, this factor weighs heavily in favor of a stay.

### B.      A Stay Will Simplify The Issues And Conserve Court and Party Resources

The USPTO's eventual merits decision on GeoFriend's reissue application will have a direct impact on this action in several ways.[5]  First, it may change the scope of patent claims that are asserted in this action, and others that may later be asserted upon the disclosure of GeoFriend's infringement contentions.  In the reissue proceedings, Mr. Stackpole has alleged an error in Claim 1, which GeoFriend asserted against all four Defendants in this action. (Dkt No. 1 at ¶¶ 18–21).  GeoFriend is also seeking to add at least 19 new claims to the  '414 patent. Dengler Decl.  Ex. K.  Broader or narrowed claims in a reissued '414 patent – if any are reissued – will bear on the parties' infringement, non-infringement, and invalidity contentions, as well as on the scope of discovery and damages, and indeed the causes of action asserted in this case.

The reissue examination process subjects the entire patent to renewed scrutiny. MPEP § 1445 ("[T]he claims in a reissue application are subject to any and all rejections which the examiner deems appropriate.  It does not matter whether the claims are identical to those of the patent or changed from those in the patent.").  Thus, the reissuance proceedings may eliminate the need for this action altogether if the patent is invalidated.  Even assuming some claims survive reissuance, the proceedings will streamline invalidity issues for the Court in this action. *See Endologix*, 2010 U.S. Dist. LEXIS 4906, at *6 (noting that the stay would allow the court to reap the benefit of "the PTO's expertise and conclusions in dealing with the art and the potential reduction in the number of claims, patents, and/or prior art references at issue before the Court

---

[5] GeoFriend could choose to abandon the reissue application, rendering this stay motion moot.

should this case ever resume.").

A stay would avoid inefficiencies in discovery and conserve both judicial and party resources.  Until the USPTO renders its decision on the reissue application, GeoFriend's claims are in flux.  Given the likelihood that those claims will change upon reissuance, there is significant risk that, absent a stay, already costly discovery and *Markman* practice will be duplicated and otherwise inefficient.  In short, this factor weighs heavily in favor of a stay of litigation pending conclusion of the reissue proceedings that the named inventor initiated in the USPTO.

### C.      The Case Is In The Nascent Stage

GeoFriend just recently filed its Complaint in this Action.  Defendants are seeking the requested relief contemporaneously with their response to that initial pleading.  No discovery has taken place, no initial disclosures have been exchanged and a scheduling conference has yet to be placed on the Court's calendar.  Accordingly, the very early stage of this action confirms the appropriateness of granting the request for a stay.  *Clintec*, 1995 U.S. Dist. LEXIS 4946, at *9 (granting stay where "discovery has been limited [and] no trial date has been set").

## IX.      CONCLUSION

For at least the foregoing reasons, this case should be transferred to the Northern District of California, or alternatively, the case should be stayed pending reissue proceedings.

Dated: September 30, 2016

By: */s/ Andrew W. Stinson*

Andrew W. Stinson
State Bar No. 24028013
**RAMEY & FLOCK PC**
100 East Ferguson, Suite 500
Tyler, Texas 75702
Telephone (903) 597-3301
astinston@rameyflock.com

Frank M. Gasparo
Ralph A. Dengler
Todd M. Nosher
**VENABLE LLP**
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone:  (212) 307-5500
Facsimile:  (212) 307-5598
fmgasparo@venable.com
radengler@venable.com
tmnosher@venable.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 30th of September 2016, with a copy of this document via electronic mail.

/s/ Andrew W. Stinson
Andrew W. Stinson

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants' conferred with counsel for Plaintiff GeoFriend, LLC regarding the relief requested in this motion, and this Motion is opposed.

/s/ Andrew W. Stinson
Andrew W. Stinson